UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
FILED
NOV 20 2026
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 6: 26-CR-136-SCM-HAI

**TED L. NAPIER**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 846**

Beginning in or about February of 2026, the exact date unknown, and continuing through on or about April 15, 2026, in Perry, Breathitt, and Rowan Counties, in the Eastern District of Kentucky, and elsewhere,

**TED L. NAPIER**

did conspire with others to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

**COUNT 2**
**21 U.S.C. § 841(a)(1)**

On or about March 16, 2026, in Breathitt County, in the Eastern District of Kentucky,

**TED L. NAPIER**

did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in

violation of 21 U.S.C. § 841(a)(1).

**COUNT 3**
**21 U.S.C. § 841(a)(1)**

On or about March 17, 2026, in Breathitt County, in the Eastern District of Kentucky,

**TED L. NAPIER**

did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 4**
**21 U.S.C. § 841(a)(1)**

On or about March 18, 2026, in Breathitt County, in the Eastern District of Kentucky,

**TED L. NAPIER**

did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 5**
**21 U.S.C. § 841(a)(1)**

On or about April 15, 2026, in Breathitt County, in the Eastern District of Kentucky,

**TED L. NAPIER**

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 6**
**18 U.S.C. § 924(c)(1)(A)**

On or about April 15, 2026, in Breathitt County, in the Eastern District of Kentucky,

**TED L. NAPIER**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Counts 1 and 5 of this Indictment, that is, conspiracy to distribute a mixture or substance containing methamphetamine and possession with intent to distribute a mixture or substance methamphetamine, in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 7**
**18 U.S.C. § 922(g)(1)**

On or about April 15, 2026, in Laurel County, in the Eastern District of Kentucky,

**TED L. NAPIER,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is: a Palmetto State Armory, Model PA-15, .223/5.56x45mm caliber rifle bearing serial number SCB928526, and the firearm was in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1).

**FORFEITURE ALLEGATIONS**
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)(1)**
**28 U.S.C. § 2461**

1. By virtue of the commission of the felony offenses alleged in Counts 1 through 5 of the Indictment, **TED L. NAPIER** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations

of 21 U.S.C. §§ 841 and 846 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of such violations. Any and all interest that **TED L. NAPIER** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in the Indictment, **TED L. NAPIER** shall forfeit to the United States any and all firearms and associated ammunition involved in or used, or intending to be used, in the violations of 18 U.S.C. § 924 and 21 U.S.C. §§ 841 and 846. Any and all interest that **TED L. NAPIER** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
Approximately $7,000.00 in U.S. currency seized from Ted L. Napier on or about April 15, 2026.

**FIREARMS AND AMMUNITION:**
a. Palmetto State Armory, Model PA-15, .223/5.56x45mm caliber rifle bearing serial number SCB928526;
b. Tisas/Trabzon Gun Industry Corp., Model M1911 A1, 9mm caliber pistol bearing serial number 21717114; and
c. Any ammunition and all associated accessories.

4. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A [redacted]

FOREPERSON

**JASON D. PARMAN**
**UNITED STATES ATTORNEY**

/for

**W. SAMUEL DOTSON**
**ASSISTANT UNITED STATES ATTORNEY**

# PENALTIES

**COUNTS 1 & 5:**

Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

**COUNTS 2-4:**

Not less than 5 years and not more than 40 years imprisonment, not more than a $5,000,000 fine, and at least 4 years of supervised release.

**COUNT 6:**

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

**COUNT 7:**

Not more than 15 years imprisonment, a $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed assets.

**PLUS:** Restitution, if applicable.